## Quinlan v. International Association of Machinists, Lodge 1653

*Pearson M. Judd,* for plaintiff.

*Hon. Alfred E. Swoyer* and *Joseph P. Murphy,* for defendant Lodge 1653.

*O'Malley, Harris, Harris & Warren,* for defendant company.

HOBAN, J., January 30, 1946.—This is a bill in equity to enjoin defendant union from expelling plaintiff from its membership and to reinstate him pending disposal of an appeal to the international union, and to compel Hendricks Manufacturing Company to reëmploy plaintiff. The bill avers that plaintiff worked as a toolmaker for defendant company for upwards of 20 years; that defendant Lodge 1653 was the sole bargaining agency for the company; that a condition of employment of plaintiff by defendant company was that plaintiff should remain a member of the union in good standing; that plaintiff was found guilty by the lodge of a violation of its laws and expelled from the union; whereupon

after notice of that fact the company discharged him from employment; that plaintiff, pursuant to the laws of the grand lodge of the union, took an appeal to the lodge, which remains undisposed of; that the local lodge refused to reinstate and defendant company to restore to employment plaintiff pending the outcome of the appeal. Whereupon, plaintiff, believing that he has suffered irreparable injury, by the loss of seniority rights in the company and the loss of present earning power, prays the restoration of the status quo prior to his expulsion and discharge.

On the averments a rule to show cause why an injunction should not issue as prayed for was granted and a hearing held in the belief that the matter was a labor dispute and no injunction could issue except after such hearing.

We are of the opinion that the dispute is not properly a labor dispute within the meaning of the Pennsylvania Labor Anti-Injunction Act, and hence if a case for equitable relief is made out, an injunction might be proper. See Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, 43 PS §206(a) et seq., Dorrington et al. v. Manning et al., 135 Pa. Superior Ct. 194, Brown v. Lehman et al., 141 Pa. Superior Ct. 467.

But we are not satisfied that sufficient cause has been shown to warrant the drastic remedy of injunction.

The hearing disclosed the following facts:

Plaintiff had been a member in good standing of the union and at sometime prior to December 1945 been an official of the local. He received notice of the fact that he was cited for trial before the trial board of the local for violation of the provisions of section A, art. 19, of the bylaws of the local lodge, and of the date of a meeting of the lodge at which the action of the trial board would be considered and his expulsion decided upon. He chose not to appear and defend himself either

before the trial board or the meeting of the local lodge. The meeting resulted in his expulsion. According to the practice between the local and defendant company, the company was notified that he was no longer a member in good standing of the union, and upon his reporting to work on December 27, 1945, he was informed that he was discharged for that reason, in accordance with the contract between the local and the company. After this he proceeded to his lawyer for legal advice and it was determined that he should take an appeal under the provisions of the constitution of the grand lodge of the union. These provisions of the grand lodge read as follows:

"Article K. . . .

"Sec. 8. Appeals may be taken from the decision of any local lodge or Grand Lodge Officer to the International President, and thereafter appeals may be prosecuted in accordance with the provisions of Section 6, Article XXI of the Grand Lodge Constitution.

"Sec. 9. *While any member or local lodge is exercising the right of appeal the financial standing of such member or local lodge shall not be impaired by refusal to accept dues* or per capita tax until after the Executive Council has passed upon the appeal. Should any member or local lodge decide to appeal from the decision of the Executive Council they must comply with the provisions of Section 6 of Article XXI of the Grand Lodge Constitution. No individual member or local lodge shall appeal to the civil courts for redress until after having exhausted all rights of appeal under the provisions of this Constitution and the Constitution of the Grand Lodge."

Apparently this appeal, or an attempt at an appeal, was not taken until January 5th, two days after the bill was filed and the rule for preliminary injunction granted. The appeal was in the form of a letter written by Pearson M. Judd, Esq., plaintiff's counsel, to the

International President of the Grand Lodge of the Union. The letter was as follows:

"Dear Mr. Brown:

"Herein request to appeal from the finding of the Local Lodge Number 1653, Carbondale, Penna., in which William Quinlan was expelled from said Local and thereby discharged by Employer Hendrick Manufacturing Company, as per agreement between Union and Company, that membership is a condition to employment.

"Very truly yours,<br>"Pearson M. Judd."

Under date of January 9th H. W. Brown, international president, replied to this letter as follows:

"Dear Mr. Judd:

"Referring to your communication addressed to the writer January 5, be advised that the rules of our Association does not permit a nonmember to act in behalf of a member in the matter of appealing a decision of the Local Lodge to the International President's office.

"Very truly yours,<br>"H. W. Brown."

It is a familiar principle that a member of a private society cannot appeal to the courts for redress against an action of the society affecting his rights therein until he has exhausted the remedies within the organization. It is apparent that no appeal was ever taken or perfected prior to the date of the hearing, unless it was contained in the correspondence above quoted. But this seems to us to be ineffectual, for this society, like any other law-making body, can prescribe its own rules for practice before its tribunals. The date of the hearing was January 14th and plaintiff attempted to cure the defect in his appellate procedure by stating through counsel that a new appeal was being taken as of that

date. However, we cannot see that this places plaintiff in any better case.

In the first place he failed to appear and defend himself before the appropriate tribunal of the local lodge and before the lodge. He failed to perfect an appeal according to the rules of the grand lodge. For the purpose of disposition of the rule now before us we think this would be sufficient to cause us to deny injunctive relief.

But we are also of the opinion that even if he is considered to have effected an appeal, no irreparable injury has been shown. His financial standing in the lodge is protected by the grand lodge constitution so that if he should ultimately succeed in winning his appeal, his membership in the local could not be challenged because of failure to pay dues during the period of his expulsion, and admittedly he was not in arrears at the time of the action taken by the lodge. If his appeal should succeed and it appears that he suffered financial injury as a result of his discharge from employment, we see no reason why the lodge should not be responsible in damages if its action were proved to be illegal, nor can we see how his seniority rights under the employment contract with the company would be affected, for if he were restored to membership in good standing he would by that fact be entitled to be restored to the incidents of membership under the lodge's contract with the employer.

What plaintiff seems to fear is the delay incident to the appeal and that he cannot prosecute it with effect because of prejudice against him. But from the inception of the union action against him he has done little to protect his own rights, or to maintain his position, if innocent of the charges brought against him; nor has he produced any factual or legal reason to warrant the conclusion that his case within the organization will not be justly and promptly considered if a proper appeal is taken. Plaintiff's counsel argues that

his right to a job is a property right and cannot be illegally interfered with unless there is some legal or equitable remedy for such interference. But the difficulty here is that there is no evidence of anything in the nature of illegal interference. Plaintiff was a member in good standing of the union before it entered into its contract with defendant company. He was subject so long as he remained a member to the laws of the union and, since the union was constituted the sole bargaining agency for the employes of defendant, was subject to the provisions of the contract between the lodge and defendant company. He had a chance to defend himself against the charges brought against him and refused to do so, at the organization tribunal of first instance. He is afforded under the constitution of the grand lodge an opportunity to appeal in the manner prescribed by the grand lodge. Until such time as there is some evidence that the grand lodge has arbitrarily and illegally deprived him of something to which he is entitled, or has failed to afford him a reasonable opportunity to prosecute his appeal, we think he is bound by the common rule applicable to all such societies, that a member in his dispute with the society cannot appeal to the courts until he has shown that he has exhausted all remedies therein and that he has been arbitrarily and illegally deprived of some right, position or benefit.

We think that plaintiff must pursue the usual course to restore his rights within the union by appropriate procedure in the grand lodge; that at least on the hearing for a preliminary injunction no equity is shown which would entitle us to impose this drastic remedy and any further action must await a disposition of the matter either on preliminary objections or on bill and answer.

Now, January 30, 1946, rule to show cause why a preliminary injunction should not issue is discharged.